United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Adena Gharaptyan, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-23879-Civ-Scola |
| ) | |
| Carnival Corporation, Defendant. ) | |

### Order on Motion to Dismiss

This cause comes before the Court upon the Defendant's motion to dismiss the amended complaint. (ECF No. 16.) The Plaintiff has filed a response (ECF No. 20), and the Defendant has filed a reply (ECF No. 23). The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons that follow, the Court **grants in part** and **denies in part** the Defendant's motion to dismiss. (**ECF No. 16**.)

1. **Background**

The Plaintiff, Adena Gharaptyan, was a passenger on the Defendant (Carnival Corporation)'s cruise ship the *Carnival Radiance* from December 26, 2023 to December 29, 2023. (Amended Compl., ECF No. 14, ¶¶ 5, 9.) On December 28, 2023, the Plaintiff and her husband were descending the stairway on Deck 12 of the *Carnival Residence* when the Plaintiff fell on a step, "causing her to fall and badly injure her knee, which would require surgical repair followed by a long recovery period." (*Id.* ¶ 12.) The step "felt as slippery as ice." (*Id.*) The stairway connected the bottom of a waterslide with the top of the waterslide and as such, "during cruises a steady stream of dripping-wet passengers can be seen ascending this stairway to go on another waterslide ride after getting off the waterslide." (*Id.* ¶ 7.) Due to this dripping water, as well as oils from sunscreen, soap, and other oils, the steps were "very slippery." (*Id.*) Prior to the accident, Carnival had applied friction slips to parts of the stairs on the stairway but did not have any warning cones or signs concerning the "stairway's tendency to become dangerously slippery when wet." (*Id.* ¶ 11.)

As a result of her accident, the Plaintiff brought this action against Carnival, alleging two counts of negligence: (1) failure to warn and (2) general negligence based on the unsafe condition of the step. (*See generally id.*) Carnival now seeks to dismiss the complaint in full. (*See generally* Def.'s Mot., ECF No. 16.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (cleaned up). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Discussion

For the reasons discussed below, the Court dismisses Count I without prejudice, but denies the motion to dismiss Count II.

### A. General Maritime Principles

"In analyzing a maritime tort case," the Court "rel[ies] on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). Thus, the Plaintiff must show that Carnival (1) "had a duty to protect the plaintiff from a particular injury;" (2) Carnival "breached that duty; (3) the breach actually and proximately caused [the Plaintiff's injury]; and (4) [the Plaintiff] suffered actual harm." *Id.* (citation omitted). "[A] shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Id.* (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959) (emphasis in Chaparro)).

Moreover, in order to impose liability on a shipowner for creating or maintaining a dangerous condition, "the carrier must have had actual or constructive notice of the risk-creating condition." *Tuite v. Carnival Corp.*, 713 F. Supp. 3d 1338, 1344 (S.D. Fla. 2024) (cleaned up) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). Thus, "a cruise ship operator's liability hinges on whether it knew or should have known about the dangerous condition." *Id.* at 1345 (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). "Without actual notice, the Eleventh Circuit's

notice requirement demands evidence that a cruise ship operator 'should have known' about the unreasonably dangerous condition before negligence liability can attach." *Id.* (citing *Guevara*, 920 F.3d at 720). This can be done by providing evidence "(1) that the defective condition existed for a sufficient period of time to invite corrective measures,"; or (2) "of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* (cleaned up).

### B. Whether the Plaintiff Sufficiently Alleges Notice

Carnival first seeks to dismiss both counts of the amended complaint because the Plaintiff does not sufficiently allege that Carnival had actual or constructive notice of the allegedly dangerous condition. (Def.'s Mot., 3-8.) Carnival believes that the "Plaintiff's allegations tend to conflate general foreseeability with specific notice of a dangerous condition," and "fail[] to allege any facts related to the length of time the alleged dangerous condition existed or that there were any prior substantially similar incidents to put Carnival on constructive notice." (*Id.* at 5.) Carnival also contends that "the existence of friction strips on the steps does not, in and of itself, place Carnival on notice . . . as Plaintiff has failed to allege any facts establishing a connection between the placement of the friction strips and the alleged dangerous condition." (*Id.* at 7.)

In response, the Plaintiff argues that "given its crew's omnipresence around this deck, day in and day out, Carnival was aware of" the slippery condition of the stairs. (Pl.'s Resp., ECF No. 20, at 3.) Moreover, the Plaintiff believes that Carnival had notice because it "took corrective action of attaching friction strips to the stairs of this particular stairway." (*Id.* at 3.)

The Plaintiff's first argument as to notice—the crew's presence around the deck—fails for two reasons. First, like in many other areas of the Plaintiff's response, these allegations are not pled in the operative complaint. Such allegations are therefore not properly before the Court. *See Escutia v. Carnival Corp.*, No. 23-24230-CIV-WILLIAMS/GOODMAN, 2024 WL 1931703, at *8 (S.D. Fla. March 13, 2024) (Goodman, J.) ("It is well established that a plaintiff cannot successfully defend the adequacy of his Complaint allegations by referring to allegations not in the Complaint and supplementing (through rhetoric in a memorandum) his existing complaint in a response to a motion to dismiss." (citations omitted)).

Second, such allegations, without more, fail to establish actual or constructive notice of the allegedly dangerous condition of the stairs. Such allegations do not plausibly show how Carnival *actually* knew about any

dangerous condition. And under Eleventh Circuit precedent, neither do such allegations establish a plausible inference of constructive notice. In *Holland v. Carnival Corporation*, 50 F.4th 1088 (11th Cir. 2022), the plaintiff alleged, like here, "that the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers . . . ." *Holland*, 50 F.4th at 1095-96. The Eleventh Circuit held that such allegations did not sufficiently allege constructive notice because "while [the plaintiff] allege[d] facts that establish the *possibility* that Carnival had constructive notice of the" dangerous condition," those alleged facts did not establish the *plausibility* of Carnival's constructive notice. *Id.* at 1096. The Plaintiff must allege actual notice or "either (1) [the dangerous condition] existed on the staircase for a sufficient length of time, or (2) substantially similar incidents occurred in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* (citations omitted). Generalized allegations such as the frequency of water on the staircase and the presence of crewmembers do not suffice. *Id.* Therefore, even if the Plaintiff's arguments in its response were properly pled, they would not sufficiently allege notice.

However, the Plaintiff sufficiently alleges notice through Carnival's alleged placement of friction strips on the stairway in question before the Plaintiff fell. (Amended Compl., ¶ 8.) "Evidence that a ship owner has taken corrective action can establish notice of a dangerous or defective condition." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020) (citations omitted). Here, it is reasonable to infer that Carnival placed the friction strips on the stairs because it knew that the stairs had a tendency to become dangerously wet and slippery. *See id.* at 1266 (finding a genuine dispute of material fact where evidence suggested that Carnival "adopt[ed] a policy . . . to ensure that [chairs were] not blocking the walkway—due to a known danger"); *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022) ("The fact that warning signs were 'posted on the pool deck' in the general area of Brady's fall, when viewed in the light most favorable to Brady, is enough to withstand summary judgment as to notice. That's because a reasonable inference from the placement of the caution sign is that Carnival knew that the [pool deck] would become slippery when wet." (cleaned up)).

Carnival believes that *Carroll* and *Brady* are inapplicable because they were decided under the summary judgment standard rather than the motion to dismiss standard. (Def.'s Mot., at 6-7; Def.'s Reply, ECF No. 23, at 5.) However, the summary judgment standard is "a higher standard of proof than" the standard for a motion to dismiss. *Fisher v. Miami-Dade Cnty.*, 114 F. Supp.3d 1247, 1253 n.5 (S.D. Fla. 2015) (Huck, J.) That the Eleventh Circuit found similar allegations as the Plaintiff's (with supporting evidence as required on a

motion for summary judgment) sufficient on a motion for summary judgment is thus instructive here, where the Court need only evaluate the plausibility of the Plaintiff's allegations.

Carnival also cites to *Guevara* to argue that the Plaintiff has failed to "allege any facts establishing a connection between the placement of the friction steps and the alleged dangerous condition." (Def.'s Mot., at 7 (citing *Guevara*, 920 F.3d at 721).) But *Guevara* does not dictate dismissal of the Plaintiff's amended complaint. Like in *Guevara*, the Plaintiff's allegations here allege "a connection between the warning and the danger," *Guevara*, 920 F.3d at 721, because it is plausible that Carnival placed the friction strips on the stairway at issue because Carnival knew that they became dangerously slippery—a condition that allegedly caused the Plaintiff's injuries.

Finally, *Mattera v. MSC Cruises, S.A.*, Case No.24-60907-CIV-DAMIAN, ECF No. 12, (S.D. Fla. Aug. 26, 2024) (Damian, J.) is inapplicable. (*See* Def.'s Reply, at 4-5.) There, the court found that an allegation that the cruise ship placed a warning sign that an area was slippery was insufficient to allege notice where the allegation left the court "to wonder where the sign was, how close it was to the alleged vicinity, how big it was, and how long it was there." *Mattera*, Case No. 24-60907-CIV-DAMIAN, ECF No. 12 at 8. In contrast, here the Plaintiff alleges exactly where the friction slips were and their size. (Amended Compl., ¶ 8.) The Plaintiff sufficiently alleges constructive notice through corrective measures.

### C. Whether the Plaintiff Properly Pleads Her Negligent Failure to Warn Claim (Count I)

Count I of the Plaintiff's amended complaint alleges that Carnival negligently failed "to warn passengers like [the Plaintiff] about this particular stairway's tendency to become dangerously slippery when wet." (Amended Compl., ¶ 16.)

Carnival believes that Count I should be dismissed because the Plaintiff fails to allege that the allegedly dangerous condition was not open and obvious. (Def.'s Mot., at 9-10.) The Plaintiff responds by saying that because the accident occurred on the third day of the cruise, she and her husband did not have "any idea that this stairway is constantly used by passengers exiting the waterslide and going up for another ride," and therefore also "had no reason to expect a step to be wet and to be slippery as ice." (Pl.'s Resp., at 2.) She also states that "the day was clear, so there was no concern about precipitation falling onto the steps." (*Id.*) Thus, "the fact that people were constantly dripping water and sunscreen onto these stairs all day long was not open and obvious

but was completely unknown[.]" (*Id.* at 3.)

Before the Court goes any further, it must point out that, *again*, the Plaintiff cites alleged facts—such as the clear weather and that she had not observed the stairs before using them—that are not found in the operative complaint. Thus, the Court will not consider these allegations when evaluating the sufficiency of Count I. *See Escutia*, 2024 WL 1931703, at *8.

"[A] plaintiff [] must allege the danger is not open and obvious to state a negligent failure to warn claim." *Collazo v. Carnival Corp.*, Civil Action No. 23-23451-Civ-Scola, 2024 WL 1554853, at *3 (S.D. Fla. April 10, 2024) (citations omitted). In the amended complaint, the Plaintiff alleges that Carnival was aware of the slippery steps because "during cruises a steady stream of dripping-wet passengers can be seen ascending this stairway to go on another waterslide ride after getting off the waterslide – all the while dropping water and sunscreen oil and other oils." (Amended Compl., ¶ 7.)

But nowhere in the complaint does the Plaintiff allege how the slippery conditions were not open and obvious to the cruise's passengers. Moreover, the Court doubts that the Plaintiff's arguments in its response would suffice for a failure to warn claim, as whether a condition is open and obvious is determined through an objective, rather than subjective, standard. *See Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 908 (11th Cir. 2017). Thus, Count I is dismissed without prejudice.

### D. Whether the Plaintiff Properly Pleads Her General Negligence Claim (Count II)

In Count II, the Plaintiff alleges that Carnival was negligent "by failing to adequately monitor the condition of the steps on this stairway, and clean and squeegee them when they became slippery." (Amended Compl., ¶ 29.)

Beyond its notice argument, which the Court rejected above, Carnival believes that Count II should be dismissed because the Plaintiff alleges that "Carnival owed her a duty of reasonable care," rather than a duty of reasonable *under the circumstances*. (Pl.'s Mot., at 11.)

Carnival is being much too nitpicky with this argument. As the Plaintiff points out in her response (Pl.'s Resp., at 5), the Eleventh Circuit itself frequently omits the "under the circumstances" language when discussing the standard of care in maritime cases. *See, e.g., K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1044-46 (11th Cir. 2019) (interchangeably using "reasonable care under the circumstances" and "reasonable care"); *see also Chaparro*, 693 F.3d at 1336 ("[A] shipowner owes the duty of exercising *reasonable care* towards those lawfully aboard the vessel who are not members

of the crew." (quoting *Kermarec*, 358 U.S. at 630 (emphasis in *Chaparro*))).

Moreover, *Christian v. Carnival Corporation*, Case No.: 1-24-cv-21436-WILLIAMS/GOODMAN, 2024 WL 4350875 (S.D. Fla. Aug. 22, 2024) (Goodman, J.), is inapposite. (*See* Def.'s Reply, 8-9.) There, the plaintiff was seeking to hold the defendant to a duty "to keep the premises in a reasonably safe condition" or "when and where not reasonably safe, to warn of dangers." *Christian*, 2024 WL 4350875, at *6. The Court found that such language, amounting to a duty of care equivalent to premises liability under Florida law, was inconsistent with the reasonable care standard in maritime cases. *Id.* Here, the Plaintiff seeks to hold Carnival to a duty of "reasonable care." (Amended Compl., ¶ 25.) This is consistent with maritime law. *See Royal Caribbean Cruises*, 931 F.3d at 1044-46; *Chaparro*, 693 F.3d at 1336.

Carnival's motion to dismiss Count II is denied.

### E. Whether the Plaintiff Should be Given Leave to Amend

At the end of its response, the Plaintiff requests that should the Court grant the motion to dismiss, the Plaintiff be given an opportunity to amend. (Pl.'s Resp., at 5.) "The decision to grant or to deny leave to amend is within the discretion of the trial court." *Warehouse Asscs. v. Pac. Ins. Co., Ltd.*, Case No. 09-21751-CIV-GRAHAM/TORRES, 2010 WL 11506153, at *1 (S.D. Fla. March 10, 2010) (Graham, J.) (citations omitted). Though the Plaintiff could have explained in greater detail why she should be granted leave to amend, the Court cannot, at this time, conclude that amendment would be futile. Therefore, Count I is dismissed without prejudice, with leave to amend consistent with this Order.

### 4. Conclusion

For the foregoing reasons, the Court **grants in part** and **denies in part** the Defendant's motion to dismiss the amended complaint (**ECF No. 16**). The Plaintiff will have twenty-one days from entry of this Order to amend her complaint consistent with this Order.

**Done and ordered** in Miami, Florida, on January 21, 2025.

_____
Robert N. Scola, Jr.
United States District Judge